UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NANCY D. REYES,**

      **Plaintiff,**

v.                                                                             Case No: 6:25-cv-1707-PGB-DCI

**FAMILY FIRST FIRM FINANCIAL, LLC,**

      **Defendant.**

_____

**ORDER**

Before the Court is Plaintiff's "Motion for Leave to Proceed *In Forma Pauperis*." Doc. 2 (the Motion to Proceed IFP). A review of the Motion to Proceed IFP reflects that Plaintiff has not provided sufficient information for the Court to determine if Plaintiff may proceed without prepaying fees or costs. Plaintiff has provided some financial information, but the Court finds that it is necessary for Plaintiff to submit a Long Form Application to Proceed in District Court without Prepaying Fees or Costs.[1]

Plaintiff has also filed a Motion for ADA Accommodations. Doc. 3 (the Motion for Accommodations). Plaintiff states that she is a "self-represented litigant diagnosed with severe anxiety, major depressive disorder, and panic disorder." *Id*. As such, Plaintiff requests that the Court grant "permission to participate in hearings by remote means (Zoom or equivalent platform) when possible" and additional time to respond to orders and comply with deadlines. *Id*. Plaintiff also seeks "[a]uthorization to communicate in Spanish if necessary, with interpreter services

---

[1] Plaintiff can find the long form on the Court's website at https://www.flmd.uscourts.gov/forms/all.

provided by the Court" and for the Court to direct the U.S. Marshals Service to serve the summons and complaint on Defendants. *Id*.

The Motion is due to be denied. Even though Plaintiff generally states that the requested relief is consistent with the protections afforded under the ADA, Plaintiff fails to provide a legal memorandum in support of this type of blanket request for relief. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request.").

Even so, the Court notes that if Plaintiff qualifies as a pauper and the Court determines that the Complaint is due to be served, then the Court will direct the United States Marshals Service to serve the summons and pleading. Further, if Plaintiff requires relief regarding the platform for a hearing or a specific deadline in this case, then Plaintiff may file an appropriate motion pursuant to the Local Rules of this Court and the Federal Rules of Civil Procedure.

Finally, with limited exceptions, interpreter services needed to assist parties to civil proceedings not instituted by the United States, both in and out of court, must be provided and paid for by the parties to the action. *See* 28 U.S.C. § 1827. If Plaintiff determines that an exception applies in this case, then Plaintiff may also file an appropriate motion pursuant to the Local Rules of this Court and the Federal Rules of Civil Procedure.

Based on the foregoing, it is **ORDERED** that:

1. the Motion to Proceed IFP (Doc. 2) is **DENIED without prejudice**;

2. **on or before October 14, 2025**, *pro se* Plaintiff shall renew the request to proceed *in forma pauperis* by filing a personally signed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) or, alternatively, pay the required filing

fee. **The failure to comply within the allotted time may result in the dismissal of this case without further notice**; and

3. the Motion for Accommodations (Doc. 3) is **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on October 1, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties